JUDGE FAILLA

13 CIV 5361

**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 103037



RECEIVED
JUL 3 1 2013
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BWP Media USA Inc., | Docket No: |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | **COMPLAINT** |
| ADVANCE MAGAZINE PUBLISHERS INC. and THE CONDE NAST PUBLICATIONS, INC., | |
| Defendants. | |

BWP Media USA Inc. (hereinafter collectively "*Plaintiff*"), by and through its undersigned counsel, states and alleges as follows:

### INTRODUCTION

1. Plaintiff BWP Media USA Inc. ("BWP") provides entertainment-related photojournalism goods and services. In particular, BWP owns the rights to a multitude of photographs featuring celebrities, which it licenses to online and print publications. BWP has obtained U.S. copyright registrations covering many of its photographs, and others are the subject of pending copyright applications.

2. Defendant Advance Magazine Publishers Inc. owns and operates a website known as www.luckymag.com. Without permission or authorization from Plaintiff, Advance Magazine Publishers Inc. copied, modified, and displayed Plaintiff' photograph(s) on Advance Magazine

1

Publishers Inc.'s website www.luckymag.com (the "*Website*"). Advance Magazine Publishers Inc. engaged in this misconduct knowingly and in violation of the United States copyright laws.

3. Defendant The Conde Nast Publications, Inc., owns and operates the Website. Without permission or authorization from Plaintiff, The Conde Nast Publications, Inc. modified, and displayed Plaintiff's photograph(s) on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws. Hereinafter The Conde Nast Publications, Inc. and Advance Magazine Publishers, Inc., the defendants herein, are collectively referred to as "*Defendants*".

4. Plaintiff has been substantially harmed as a result of Defendants' misconduct.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a) in that the state claims are so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Advance Magazine Publishers Inc. because Advance Magazine Publishers Inc. maintains its principal place of business in New York County, New York and purposely directs substantial activities at the residents of New York by means of the website described herein.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Advance Magazine Publishers Inc. does business in this Judicial District or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

8. BWP is a California Corporation and maintains its principal place of business in Los Angeles County, California.

9. On information and belief, Advance Magazine Publishers Inc., is a New York

Corporation with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

10. On information and belief, The Conde Nast Publications, Inc., is a New York Corporation with a principal place of business in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## FACTUAL ALLEGATIONS

11. Plaintiff owns the rights to a multitude of photographs which it licenses to online and print publications and have invested significant time and money in building their photograph portfolios.

12. Plaintiff have obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover many of their photographs and many others are the subject of pending copyright applications.

13. Plaintiff' photographs are original, creative works in which Plaintiffs own protectable copyright interests.

14. Defendants are the registered owner of the Websites and are responsible for their content.

15. The Websites provide, *inter alia*, articles, photographs and other information regarding celebrities.

16. The Websites are monetized in that they contain paid advertisements and/or sell merchandise to the public and, on information and belief, Defendants profit from these activities.

17. Without permission or authorization from Plaintiff, Defendants copied, modified, and/or displayed Plaintiff rights protected photographs (hereinafter collectively referred to as "*Photograph(s)*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Websites.

18. On information and belief, the Photograph(s) were copied without license or permission, thereby infringing on the Copyrights (hereinafter collectively referred to as the "*Infringement(s)*").

19. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringement(s) was apparent. Based on this totality of circumstances, Defendants cannot claim that they are not aware of the widespread infringing activities, including the Infringement(s), on the Website(s) since such a claim would amount to only willful blindness to the Infringement(s) on the part of Defendants.

20. On information and belief, Defendants engaged in the Infringement(s) knowingly and in violation of applicable United States Copyright Laws.

21. On information and belief, Defendants have received a financial benefit directly attributable to the Infringement(s). Specifically, by way of the Infringement(s), the Websites had increased traffic to the and, in turn, realized an increase their advertising revenues and/or merchandise sales.

22. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Copyright Infringement, 17 U.S.C. § 501 et seq.)

23. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

24. The Photograph(s) are original, creative works in which Plaintiff own protectable copyright interests.

25. Plaintiff have not licensed Defendants the right to use the Photograph(s) in any manner, nor have Plaintiff assigned any of its exclusive rights in the Copyrights to Defendants.

26. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally reproduced the Photograph(s).

27. Defendants' reproduction of the Photograph(s) and display of the Photograph(s) on the Website(s) constitutes willful copyright infringement.

28. On information and belief, thousands of people have viewed the unlawful copies of the Photograph(s) on the Website(s).

29. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff

copyrighted material.

30. Defendants copyright infringement has damaged Plaintiff in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Defendants have infringed on Plaintiff' rights to the Photograph(s) in violation of 17 U.S.C. § 501 et seq.;

2. That the Court award damages and monetary relief as follows:

   a. Statutory damages against Defendants pursuant to 17 U.S.C. § 504(c) of $150,000 per infringement or in the alternative Plaintiff' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial;

   b. Plaintiff' attorneys' fees pursuant to 17 U.S.C. § 505;

   c. Plaintiff' costs; and

3. Such other relief that the Court determines is just and proper.

DATED: July 24, 2013

SANDERS LAW, PLLC

_____
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.:103037

## REQUEST FOR JURY TRIAL

Plaintiff hereby demands a trial of this action by jury.

DATED: July 24, 2013

                              SANDERS LAW, PLLC

                              *[signature]*

                              Craig B. Sanders, Esq. (CS4163)
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Telephone: (516) 203-7600
                              Facsimile: (516) 281-7601
                              csanders@sanderslawpllc.com
                              *Attorneys for Plaintiff*
                              File No.:103037

# EXHIBIT - 1




| | |
|---|---|
| Photo Owner: BWP Media USA Inc.<br>Photo ID Number: 3045558<br>Date Taken: 08/15/2012<br>Photo Description: Eva Longoria carefully walks around set in sky high platform stilettos while filming in Los Angeles.<br>Photo Location: California<br>Copyright Application Date: 11/12/2012<br>Application Number: 1-849565062<br>Copyright Registration Date: 11/12/2012<br>Registration Number: VA0001836333 | Domain: www.luckymag.com<br>URL: http://contributors.luckymag.com/user/kimberlee-van-der-wall<br>Observed Date: 06/20/2013 |